[No. 20343. In Bank. —December 23, 1887.]

THE PEOPLE, RESPONDENT, v. FRANCISCO LEYBA,
APPELLANT.

CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — INSTRUCTION.— The
defendant was prosecuted for an assault with a deadly weapon, to wit, a
large knife. The evidence as to whether a knife was used in making the
assault was conflicting. The court charged the jury in effect that if
they found that the defendant made an assault as laid down in the in-
formation, but not with a deadly weapon, they should find him guilty
of an assault only; but if they found that the assault was made with a
weapon likely to produce death or great bodily injury, they should find
him guilty as charged. *Held*, that the instruction was proper, and that
the refusal to charge that a knife five or six inches long was a deadly
weapon was not error.

ID. — FELONIOUS INTENT. — Where an information for an assault with a
deadly weapon alleges the assault to have been made unlawfully and
feloniously, an instruction that the jury should find the defendant
guilty as charged, if they believed that he made the assault with a
deadly weapon, " as laid down in the information," is not erroneous as
ignoring the element of felonious intent.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County, and from an order refusing a new
trial.

The defendant was convicted for an assault with a
deadly weapon. The further facts are stated in the
opinion of the court.

*J. M. Wilcoxon*, for Appellant.

*Attorney-General Johnson*, and *Jasper N. Turner*, for
Respondent.

MCKINSTRY, J. — The information charged an assault
with a deadly weapon, " to wit, a large knife." The
prosecuting witness swore the defendant assaulted him,
and cut his clothing in several places, with a knife five
or six inches long. The defendant testified he had
no knife when they met, and that he made no assault,

but that the prosecutor struck and wounded *him* with the handle of a whip.

The court charged the jury that a deadly weapon was one likely to produce death or great bodily injury; that there are cases where the character of the weapon, whether deadly or otherwise, depends on the manner in which it is used; and, in effect, that it was for the jury to decide whether a weapon was used, and after considering the evidence as to the manner of its use, whether it was a deadly weapon.

And the court further charged, amongst other things: " If you find from the evidence that the defendant made an assault as laid down in the information, but not with a deadly weapon, you should find him guilty of an assault only. If you find from the evidence that the assault was made by the defendant at the time and place mentioned in the information, and that said assault was made upon the prosecuting witness with a weapon likely to produce death or great bodily injury, it will be your duty to find him guilty as charged in the information."

The defendant contends the court erred in leaving it to the jury whether the weapon was deadly, and erred in the charge above quoted in that it " ignored the felonious intent."

The charge as to deadly weapon we think correct, in view of the conflicting testimony; but if not strictly correct, was favorable to the defendant. If no weapon was used, defendant was not injured by the charge. If the weapon described by the prosecutor was used, the defendant certainly was not injured by the failure of the court to instruct that a knife "five or six inches long" was, as a matter of law, a deadly weapon. Nothing is decided in *People* v. *Fuqua,* 58 Cal. 246, which conflicts with this view. There a defendant on trial claimed that the deceased had advanced upon him with a pick-handle; and the court, although specially requested by the jury, refused to instruct them as to what " is termed by law a deadly weapon."

'As to the portion of the instruction above quoted, the information charges the assault to have been made unlawfully and feloniously; and fairly read, the jury were told they should find the defendant guilty of the greater offense if he made the assault with a deadly weapon, " as laid down in the information." Each legal proposition in the instructions need not include all the exceptions and limitations derivable from the whole of the instructions. The attempt so to charge would often confuse instead of enlightening the jury. It can no more be said that the particular sentences objected to ignore the intent than that they ignore the law of self-defense. The matter of the credibility of the opposing witnesses was fairly submitted to the jury, and the doctrine of reasonable doubt fully explained.

Moreover, when an assault is made with a deadly weapon, felonious intent is implied.

Judgment and order affirmed.

McFARLAND, J., SEARLS, C. J., TEMPLE, J., SHARPSTEIN, J., PATERSON, J., and THORNTON, J., concurred.