### AUGUST F. WAECHTER V. THE STATE.

*No. 570.   Decided April 6.*
*Motion for Rehearing Decided April 17.*

1. **Bill of Exceptions to Admitted Evidence—Office of.**—A bill of exceptions to evidence admitted should show, at least prima facie, that the testimony complained of was not admissible.

2. **Aggravated Assault—Evidence—Declarations of Injured Party—Res Gestæ.**—On a trial for aggravated assault, evidence of declarations as to the nature and character of the assault made by the injured party, which were spontaneous, voluntary, and nearly contemporaneous with the alleged assault, are admissible as a part of the res gestæ.

3. **Same—Indictment—Proof.**—Where an indictment for aggravated assault alleges two grounds of aggravation, and the proof sustains one of the grounds, it is immaterial that it fails to sustain the other ground.

4. **Charge in Misdemeanor.**—By provision of article 681, Code of Criminal Procedure, the court, in misdemeanor cases, is not required to charge the jury except at the request of counsel, and then only to give such proper charges as are prepared in writing and asked to be given.

5. **Aggravated Assault—Evidence Sufficient as to Date of Offense.**—Where an indictment for aggravated assault alleged the date of the offense to be the 17th of July, and it was contended that the evidence failed to show when the alleged assault occurred, *Held*, that the facts (which are stated in the opinion on motion for rehearing) proved beyond cavil that it occurred on the 4th of July.

APPEAL from the County Court of Travis. Tried below before Hon. D. A. McFALL, County Judge.

This appeal is from a conviction for aggravated assault, the punishment assessed being imprisonment for two years in the county jail.

The case is sufficiently stated in the opinion.

*George S. Walton,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was convicted in the County Court of Travis County on an indictment charging him with an aggravated assault, and his punishment was assessed at two years' confinement in the county jail. The appellant complains, that the court permitted the witness Boatright to testify as to declarations made by Bertha Waechter, the assaulted party, and insists that the same was not a part of the res gestæ of the alleged offense. We understand the rule to be, that a party should show by his bill of exceptions that the testimony complained of was not admissible; at least he should make a prima facie case to that effect. This the appellant has not done. On the contrary, it appears that the witness Bertha Waechter had been assaulted by her father in the evening, near sundown; that she lived some 600 yards from where the witness Boatright lived; and that immediately on her coming to his house, and as soon as he met her thereafter, she told him that her father had pushed her out of the house, and off of the gallery onto the ground, and that he had then kicked her. This statement seems to have been nearly contemporaneous with the alleged assault, and appears to have been spontaneous and voluntary on her part. In this action of the court in admitting the testimony we see no error.

The indictment in this case shows the assault to have been aggravated upon two grounds: First, because serious bodily injury was inflicted upon the said Bertha by reason of the assault; second, that the defendant was an adult male, and the said Bertha a female. The proof is ample on the latter ground. So, if it be conceded that there was no proof that serious bodily injury was inflicted, it was immaterial. The appellant also complains because the court failed to charge the jury in this case. The bill of exceptions shows, that the defendant requested the court to instruct the jury in said case in writing, but it does not show that the defendant prepared and presented charges in writing, and asked the court to give the same. We understand the statute to require the judge to give such proper charges as are prepared in writing, and asked to be given to the jury. Code Crim. Proc., art. 681; Killman v. The State, 2 Texas Crim. App., 222; Hobbs v. The State, 7 Texas Crim. App., 117. No verbal charges were given. We think the evidence in this case was sufficient to justify the verdict.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—It is insisted that the affirmance should be set aside, because the facts do not show when the offense was committed. Boatright testified, that the assaulted girl was at his house on the morning of and until 3 p. m. on the 4th day of July, 1894, when she returned home, about 600 yards distant. She was daughter of appellant, and lived with him. Between sundown and dark she returned to Boatright's, and complained of the appellant's assault upon her. It is further testified, that, about sundown, screams, loud talking, etc., were heard at appellant's house. Dr. Shamron testified, that he treated the assaulted girl on July 15, 1894; that she was then in bed. Testifying for appellant, Louis Waechter said, as he approached the family residence, he heard his sister, the assaulted party, say she would knock appellant's head off with an ax. This, he states, was on July 4, 1894. The offense was charged to have been committed on July 17, 1894. This evidence is too clear for discussion, and proves beyond cavil that the trouble occurred on July 4, 1894. The statement of the girl to Boatright was clearly res gestæ. The proximity of time, condition of the girl's mind, etc., bring it clearly within the rule of res gestæ. We will not review the evidence. For collated authorities, see Castello v. The State, 31 Texas Criminal Reports, 145, 152.

The motion is overruled.

*Motion overruled.*

Judges all present and concurring.