## THE PEOPLE *v.* RIVAS.

### APPEAL from the District Court of Humacao.

No. 235.—Decided June 20, 1910.

CRIMINAL LAW—ASSAULT AND BATTERY WITH AGGRAVATED CIRCUMSTANCES— ORDER NOT APPEALABLE—ORDER OVERRULING MOTION IN ARREST OF JUDGMENT.—An order overruling a motion in arrest of judgment is not appealable, because it is not such an order as those from which an accused may take an appeal under the provisions of section 347 of the Code of Criminal Procedure.

ID.—MOTION IN ARREST OF JUDGMENT—TIME WITHIN WHICH SAME MUST BE FILED.—In accordance with the provisions of section 305 of the Code of Criminal Procedure, in connection with sections 153 and 161 of the same Code, when a motion in arrest of judgment is based on the ground that the information or the complaint does not state that the wound inflicted upon the aggrieved party was of a serious character and caused by a deadly weapon, the objection should be raised by way of demurrer at the time the complaint is filed, and only where such a motion is based upon a want of jurisdiction of the court, or on the ground that the facts complained of do not constitute a public offense, may it be filed during the trial when a plea of not guilty is entered, or after the trial in order to secure an arrest of judgment.

ID.—CASES FROM MUNICIPAL COURTS—TIME WITHIN WHICH TO SET FOR TRIAL.— In accordance with the Act of March 12, 1908, in cases which come up from municipal courts, the hearing must be set within 10 days after the receipt of the case, and the *fiscal* and the accused must be cited.

PROCEDURE IN MUNICIPAL COURTS.—The procedure in criminal cases before municipal courts is provided for by the Act approved March 12, 1903, which, among other sections, amended section 29 of the Code of Criminal Procedure, in connection with the Act of March 12, 1908, which amended paragraph 5 of section 29, as amended by the above-mentioned act in connection with section 2 of the Act of May 28, 1904, providing for appeals in criminal cases.

Id.—Setting Case for Trial After Expiration of Time Provided Therefor—
Unimportant Error.—Although it is a violation of the provisions of para-
graph 5 of section 29 of the Code of Criminal Procedure, above referred to,
as amended by the Act of March 12, 1908, to set a case for trial after
the expiration of 10 days from the receipt of the case in the district court,
such an error does not prejudice the rights of the accused, and according
to the provisions of section 1 of the Act of March 30, 1904, does not con-
stitute a ground for the reversal of the judgment.

Id.—Errors Not Prejudicial—Postponement of Trial for 24 Hours.—The
rights of an accused are not prejudiced by an order of the court postponing
a trial for only 24 hours when the accused has asked for a longer postpone-
ment in order to prepare his defense; where the trial had already been post-
poned at his instance, and his attorney stated at the beginning of the trial
that he was ready to proceed.

Id.—Introduction of Evidence—Order Thereof.—The order of the judge,
refusing to grant the request of the accused that the secretary and marshal
of the court should testify before the *fiscal* introduced his evidence, is sup-
ported by the law.

Id.—Evidence—Statements Made by Assaulted Party—Hearsay Evidence—
Res Gestae.—The testimony of a witness in regard to certain statements
made to him by the party assaulted immediately before the assault was
committed, is not hearsay evidence, since such statements constitute a part
of the *res gestae* because they are contemporaneous with the principal acts
being inquired into, and related thereto, to a certain extent, and serve
to illustrate the nature thereof.

Id.—Deadly Weapon—Cutlass.—By the term deadly weapon is understood a
weapon capable of causing death or of producing serious bodily injury, and
when the weapon with which the assault is committed has been identified,
the question whether or not it is a deadly weapon is one of law concern-
ing which no evidence is necessary, unless there is some doubt as to the
kind of weapon employed, or unless the fact as to whether or not it is a
deadly weapon depends upon the manner in which it is used, and in such a
case it is a question of fact to be proved by the evidence to be considered
by the jury or the trial court. Under this doctrine there is no doubt that
a cutlass (*hoja de sable*) is a deadly weapon.

The facts are stated in the opinion.

*Mr. Miguel Guerra* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

Mr. Chief Justice Hernández delivered the opinion of the
court.

On May 23, 1909, Insular Policeman Sandalio Burgos filed
a complaint in the municipal court of Yabucoa against José
Rivas, charging him with the crime of assault and battery
with aggravated circumstances, the said crime consisting in

that, on the night before, in *barrio* Jacana of the judicial municipal district of Yabucoa, the said defendant illegally and violently attacked and assaulted José Medina Rivera with a cutlass, wounding him upon the head, and this wound was examined and treated by Dr. Diego Román Diez.

The trial having been held *de novo* on November 4, in the District Court for the Judicial District of Humacao, by virtue of an appeal from the judgment of the municipal court of Yabucoa, that court reserved judgment until the eighth of the present month, and on that day the appellant, by his counsel, Miguel Guerra, filed a motion in arrest of judgment, on the ground that the complaint charging assault and battery with aggravated circumstances does not state that the wound inflicted upon José Medina was of a serious character, or that the weapon with which it was inflicted belonged to the class known as deadly weapons.

The court overruled the motion because it had not been filed in due time—that is to say, when the complaint was filed—and rendered judgment on November 8 aforesaid, whereby José Rivas was declared guilty of the crime of assault and battery with aggravated circumstances, and sentenced to one year in the district jail and the payment of the costs.

On the same day José Rivas moved for a new trial on the ground that the court had erred in the decision of questions of law, and because the judgment declaring defendant guilty is contrary to the evidence and the law.

The motion for a new trial was overruled, and from that order, and from the order overruling the motion in arrest of judgment, and from the judgment rendered herein, defendant took an appeal to this Supreme Court, and the transcript of the record required by law and a bill of exceptions approved by the judge have been here presented.

We must first note that the order denying the motion in arrest of judgment is not an appealable order, since it is not included in the orders and decisions from which a defendant may take an appeal, in accordance with section 347 of the Code

of Criminal Procedure; but as an exception to that ruling was taken by the defendant, we shall examine and consider the same.

Section 305 of the Code of Criminal Procedure provides that a motion in arrest of judgment may be based on any of the defects in the information mentioned in section 153, unless the objection has been waived by a failure to demur, and must be made before or at the time defendant is called for judgment. This section must be read in connection with section 161, which provides that, when the objections mentioned in section 153 appear on the face of the information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the information, or that the facts do not constitute a public offense, may be taken at the trial under the plea of not guilty, or, after the trial, in arrest of judgment.

In the case before us defendant did not base his motion in arrest of judgment upon a want of jurisdiction of the court, or that the facts complained of did not constitute a public offense, but his objections were confined to the allegation that the complaint or information did not state that the wound inflicted upon the aggrieved party was of a serious character and caused by a deadly weapon; and as these objections were not opportunely raised, the order of the judge overruling the motion in arrest of judgment complied in all respects with the provisions of section 305 above cited.

One of the other orders to which the defendant took an exception was that made on August 6, 1909, overruling his motion to dismiss the information on the ground that the case was not set down for trial within 10 days after the case was registered in the court.

According to the bill of exceptions, on July 20, 1909, the case was received and registered in the office of the secretary of the District Court of Humacao from the municipal court of Yabucoa against José Rivas for assault and battery with aggravated circumstances, and on August 3 following, without

service of notice upon the appellant, the ninth of the month was set for the hearing, thereby violating the provisions of the Act of March 12, 1908, according to which the case should have been set down for trial within 10 days after the receipt of the case; and the *fiscal* and the defendant should have been notified, and the rights of the defendant were thereby impaired.

Section 29 of the Code of Criminal Procedure, prior to the creation of municipal courts, contains four paragraphs providing the course of procedure to be followed in a criminal proceeding before justices of the peace. That section was modified by the Act approved March 12, 1903 (p. 43 of the Sess. Acts for that year), and as the said law is drawn it contains six paragraphs, the fifth of which provides that, in case of an appeal, the justices of the peace shall, within two days, transmit the proceedings to the district court, which court, within three days after their receipt, shall set the day for the trial of the case, and shall issue summons for the prosecuting attorney and for the defendant.

This act also amended section 48 of the Code of Criminal Procedure, but only to the extent of authorizing an appeal to be taken within three days after the rendition of judgment.

After the creation of municipal courts an act of the legislature, approved May 28, 1904, provides for the procedure to be followed in criminal trials before municipal courts, and section 1 of that act requires that the procedure for the institution and trial of criminal cases in municipal courts shall be the same as provided by law for criminal cases in the justices of the peace courts. (Sess. Act 1904-5, p. 12.)

On the same date, May 28, 1904, an act providing for appeals in criminal cases was approved, and section 2 thereof provides that an appeal may be taken to the district court by the defendant only from the final judgment of a municipal court, in a criminal case, in the manner now provided by law for appeals from the judgment of justices of the peace, and that in such cases the notice of appeal must be filed within

five days after the entry of judgment. (Sess. Acts of 1904-5, p. 11.)

Subsequently, the Act of March 12, 1908, was passed to amend paragraph five of section 29 of the Code of Criminal Procedure, as amended by the Act of March 12, 1903, and that act provides that the justices of the peace shall, within five days, transmit the record to the district court, which court, within 10 days after its receipt, shall set the day for the trial of the case, and shall issue summons for the prosecuting attorney and for the defendant.

The appellant maintains that the Act of March 12, 1908, is applicable to the case and that the provisions thereof have been violated, while the *fiscal* of the Supreme Court, in his written brief, maintains that the law applicable to the case is the Act approved March 10, 1904, amending section 48 of the Code of Criminal Procedure, but that it makes no difference whatever in the procedure to be followed in the conduct of trials in the justices of the peace courts or in municipal courts.

From the foregoing it is clearly seen that the procedure to be followed in the conduct of criminal cases in municipal courts is that prescribed by the Act approved March 13, 1903, which, among other sections, amended section 29 of the Code of Criminal Procedure in connection with the Act of March 12, 1908, which in turn amended the fifth paragraph of section 29, as previously amended by the aforesaid act, and also in connection with section 2 of the Act of May 28, 1904, providing for appeals in criminal cases.

It is evident, therefore, that within 10 days after the receipt of the record of the proceedings in the district court the case should have been set down for trial, and in failing so to do, it violated the fifth paragraph of section 29 of the Code of Criminal Procedure, as amended by the Act of March 12, 1908; but we are of opinion that while exception was duly taken— and for this reason we are authorized to consider the same— none of the rights of the accused have been impaired; and, therefore, section 1 of the Act of May 30, 1904, relative to

the reversal of judgments in criminal cases, is applicable, and, according to the provisions of this act, whenever it appears that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of either of the parties.

Neither do we consider that the order of the court, made at the instance of the accused, and with the opposition of the *fiscal,* postponing the trial which was set for November 4, 1909, and setting the same for the following day at 2.30 p. m., in anywise injured the rights of the accused; and it must be borne in mind that the accused had more than sufficient time to prepare his defense, since the trial had been postponed at his request; and, therefore, any doubt which might arise in our mind with respect to whether or not the order of the court postponing the trial for 24 hours could affect the rights of the accused in preventing him from duly preparing his defense, since he was not properly summoned, is removed by the statement of his counsel made at the beginning of the trial on the following day to the effect that he was ready for trial.

After the commencement of the trial and the reading of the complaint, counsel for the defendant attempted to introduce the secretary and the marshal of the court as witnesses, to testify in regard to certain particulars before the evidence of the *fiscal* had been introduced; the court properly denied this request, and counsel took an exception to his ruling, which, in our opinion, was perfectly correct.

The ruling of the court allowing the witness, Mercedes Rodríguez, to testify in regard to certain statements made by José Medina, the aggrieved party, a few moments before the assault was made, was excepted to on the ground that it was hearsay evidence. Although these statements were made by a third party, it was not hearsay evidence because in this case it constituted a part of the *res gestae,* because the statements were contemporaneous with the principal acts being inquired into, were more or less related thereto, and served to illustrate

the nature thereof. (Greenleaf on Evidence, vol. 1, pp. 185, 188.) The testimony of the witness, Mercedes Rodríguèz, which was the object of the exception under consideration, explains the case or the reason for the assault committed by the defendant, and it must be agreed that the testimony was perfectly admissible.

There remains to be considered the motion of the accused for a new trial. Three grounds have been alleged in support thereof, to wit:

"First. Because during the course of the trial the court erroneously decided certain questions of law against the accused which, in reason and in justice, should have been decided in his favor.

"Second. Because the decision of the court declaring the accused guilty, is contrary to the evidence introduced at the trial.

"Third. Because the said decision is contrary to law."

As each of the questions referred to in the first ground have already been discussed and decided in this opinion, it is unnecessary to give them any further consideration.

The reason given in support of the second ground—that is to say, in support of the contention that the conviction of defendant was contrary to the evidence—is that it was not proved at the trial that the cutlass with which the assaut was made belonged to the class known as deadly weapons. By the term deadly weapon is understood a weapon capable of causing death or of producing serious bodily injury, and we think that when it was shown, as in this case, by the evidence introduced at the trial, what kind of a weapon the assault was committed with, the question whether or not it was a deadly weapon was one of law (*People* v. *Tuque,* 58 [*sic*] Cal., and *People* v. *Leyba,* 74 Cal., 407), concerning which no evidence is necessary, unless there is some doubt as to the kind of weapon employed, or unless the fact of whether or not it is a deadly weapon depends upon the manner in which it is used; and in such a case it is a question of fact to be proved by the evidence to be considered by the jury or the trial court. (*People* v. *Rodrigo,* 69 Cal., 601, and *People* v. *Leyba, supra.*)

From the evidence taken in this case it appears that the weapon used by the defendant in committing the assault was a cutlass, and in our opinion there is no doubt whatever that such an instrument is a deadly weapon. Therefore, it is seen that the conviction of the accused of the crime of assault and battery with aggravated circumstances is not only in accord with the facts proven at the trial, but in every respect conforms to the law; and we thus decide the question raised in the third ground alleged by defendant in his motion for a new trial.

For the reasons set forth we are of the opinion that the judgment rendered by the District Court of Humacao conforms to the law and must therefore be affirmed.

*Affirmed.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.