WILL WILLINGHAM v. THE STATE.

No. 910.  Decided April 5, 1911.

**1.—Local Option—Sufficiency of the Evidence—Alibi.**

Where, upon trial of a violation of the local option law, the State's evidence clearly supported a conviction, the same will not be disturbed, although there was evidence supporting defendant's alibi.

**2.—Charge of Court—Date of Offense.**

Where, upon trial for a violation of the local option law, the State's testimony did not fix the exact date of the sale, but showed that it occurred some time during the month of February, 1910, and the court charged that if the offense was committed within two years before the filing of the indictment, etc., to convict the defendant, there was no error; especially where the

court correctly charged on alibi, and the defendant did not request written charges on this subject.

**3.—Same—Charge of Court—Defendant's Failure to Testify.**

Upon trial for the violation of the local option law, there was no error in the court's charge that a failure of the defendant to testify could not be taken as a circumstance against him, etc.

**4.—Same—Verdict, Bad Spelling.**

Upon trial for a violation of the local option law, the following verdict was held to be sufficiently certain: "we, the Juror find the defendant guilty and ses his pently at 60 days in jail & $25.00 fine."

Appeal from the County Court of Grayson. Tried below before the Hon. J. Q. Adamson.

Appeal from a conviction for a violation of the local option law; penalty, a fine of $25 and sixty days confinement in the county jail.

The opinion states the case.

*W. J. Mathis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted for selling intoxicating liquor to Anderson Edgett on February 19, 1910, was found guilty, and his penalty fixed at sixty days in jail and a fine of $25.

There are but four questions necessary to be decided in the case.

1. It is contended by appellant that the evidence is insufficient to sustain the conviction. The appellant did not testify. The party Edgett, to whom the illegal sale was alleged, testified fully and clearly that he bought whisky from the appellant about the date charged in the indictment. Appellant sought to prove by witnesses an alibi by testimony to the effect that he was in jail in Grayson County from February 8th to February 28th inclusive. The witness for the State could not fix the exact date on which he testified the appellant sold him the whisky, but he fixed it at some time during the month of February, 1910. The witnesses were all before the lower court; the State's witness was evidently believed by the jury and the lower court, and as it is ample to sustain the judgment we have no authority to hold otherwise, even though we might think that the preponderance of the evidence as to the appellant's alibi was in his favor.

2. The second ground is that the appellant complains of this portion of the charge of the court: "Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant in Grayson County, Texas, within two years next before the filing of the indictment herein, which was April 21, 1910, did unlawfully sell intoxicating liquor to Anderson Edgett, etc.," on the ground that the indictment alleged the sale to have been made on February 19, 1910, and that no witness in the case testified to a sale made at any other time than the date mentioned, and that the undisputed testimony showed that the

defendant was in jail on that date. The testimony of the witness as stated above, did not show that the sale was made on February 19, 1910, and on no other date. He could not fix the exact date, but put it at sometime during that month. The court correctly charged on alibi, and in every other way gave a correct charge applicable to the case. The appellant did not request any written charge on the subject. Article 719 of the Code of Criminal Procedure prescribes that in criminal actions for misdemeanors the court is not required to charge the jury, except at the request of counsel on either side, but when so requested shall give or refuse such charges, with or without modification, as are asked in writing. The uniform construction by this court of that article has been that, unless the appellant requests in writing a charge on any given subject, this court will not reverse for a failure to properly charge the law on that point. Waechter v. State, 34 Texas Crim. Rep., 297, and other authorities cited under section 842 of White's C. C. P. It is not reversible error in a misdemeanor case for the court to charge, as he did in this case, that if the jury believe from the evidence, beyond a reasonable doubt, the defendant committed the offense within two years next before the filing of the indictment, as this is an ordinary form of charge in such cases. No such error is shown as would authorize this court to reverse; article 723, C. C. P.

3. Appellant next complains of the following charge of the court: "You are further instructed that you will not consider for any purpose or allude to the failure of the defendant to testify in this case." On what ground objection is made to this charge is not stated, other than that the law provides that the failure of the defendant to testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented upon. This court has uniformly held in construing article 770, Code Criminal Procedure, authorizing the defendant to testify in his own behalf, that it is proper for the court to give a charge, such as was given in this case, to the jury. Guinn v. State, 39 Texas Crim. Rep., 257; Fulcher v. State, 28 Texas Crim. Rep., 465. There was no error in the court giving the charge complained of.

4. The other question is attacking the verdict of the jury, which was as follows: "We, the juror, find the defendant guilty, and ses his pently at sixty days in jail & $25.00 fine." Such verdicts as this have been uniformly upheld by this court since the decision in the case of Birdwell v. State, 20 S. W. Rep., 556, wherein Judge Davidson, for this court, says: "It is well settled, where the sense is clear, that neither incorrect orthography nor ungrammatical language will render a verdict illegal or void, and that it is to be reasonably construed, and in such manner as to give it the meaning intended to be conveyed by the jury. Walker v. State, 13 Texas App., 618; Taylor v. State, 5 Texas App., 569; McMillan v. State, 7 Texas App., 100; Curry v. State, id., 91; Reynolds v. State, 17 Texas App., 413; Willson Crim. Stat., secs. 2407, 2408. It is evident that the jury paid

but little attention to their manner of spelling while composing the language in which they saw proper to couch their verdict, and while a critic might hesitate to approve of it as a model of composition, perfect in construction and spelling, still the jury succeeded in so framing it as to clearly indicate and convey their meaning. When viewed in the light of the charge, as well as from its own contents, it is too plain for argument that the jury intended to and did convict defendant of horse theft, and confine him in the penitentiary. We can not give our assent to the proposition that the misspelling of the words indicated can or shall vitiate the verdict of the jury. Important trials ought not to be set aside on such slender, and to our minds intangible, causes or weaknesses in the verdict." And Judge Hurt, for this court, in the case of McGee v. State, 39 Texas Crim. Rep., 190, after quoting in substance the above decision, refers to many other cases sustaining verdicts equally as ungrammatical and informal as this verdict, and says: "We have been particular to cite the authorities so that hereafter no one may claim to have been misled through ignorance as to what the holdings of this court have been on this subject. A little care and attention on this subject would save this court much trouble as to matters of this character."

There is no error pointed out sufficient to reverse this case, and it is, therefore, affirmed.

*Affirmed.*