PEOPLE, PLAINTIFF AND APPELLEE, *v.* ORIOLS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 1365.—Decided March 14, 1919.

ASSAULT AND BATTERY—AGGRAVATION.—Where a complaint relates facts which constitute the aggravated circumstance defined in subdivision 8 of section 6 of the Assault and Battery Act, that circumstance may be considered against the defendant although the complaint may state that the aggravated circumstance consists in the fact that the victim was a female and the aggressor an adult male.

ID.—DEADLY WEAPON—IDENTIFICATION.—A deadly weapon may be defined as any instrument that will cause death or grave physical injury when used in the usual manner that its form or construction suggests, and when the weapon with which the battery was committed is identified the determination of whether or not it is a deadly weapon is a question of law regarding which it is unnessary to introduce evidence, unless the nature of the weapon is doubtful or its deadly character depends on the manner in which it is used, in which event the question becomes one of fact and a matter of evidence which must be left to the consideration of the jury or the court. as the case may be.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

*Mr. S. Mestre, Fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This was a criminal action prosecuted in the District Court of San Juan, Section 2.

The complaint was made by policeman Carlos Valdespino against Juan Oriols for aggravated assault and battery and it was alleged therein "that at 10 p. m. of February 3, 1918, on Pilar Street, Cataño, of the municipal district of Bayamón in the judicial district of San Juan, Juan Oriols unlawfully, wilfully and with criminal intent to inflict grave bodily injury upon the person of Mercedes López Solá, assaulted

and struck her with a knife, inflicting a wound in the right side of her neck for which she was treated at the Bayamón hospital.'' The complaint concludes with the explanation that ''the aggravated circumstance in this case consists in that the victim is a woman and the assailant an adult male.''

The case went to trial and the court rendered judgment on December 23, 1918, convicting Juan Oriols of aggravated assault and battery and sentencing him to six months imprisonment in jail, with the costs. From that judgment he appealed to this court.

The appellant bases his appeal on the ground that neither the complaint nor the evidence shows that the defendant was an adult male, or a male over 21 years of age, and this showing is absolutely necessary in order that the circumstance specifically stated in the complaint may be considered an aggravating circumstance, according to the jurisprudence laid down by this court in the case of *People* v. *Colón*, 25 P. R. R. 586.

The *Fiscal* admits, and we agree with him, that the said aggravating circumstance cannot be considered, but contends that the aggravating circumstances enumerated in subdivisions 7, 8 and 9 of section 6 of the act of March 10, 1904, were present in this case.

Section 6 of the said act reads as follows:

''Section 6.—An assault and battery becomes aggravated when committed under any of the following circumstances:

\*          \*          \*          \*          \*          \*          \*

''7. When a serious bodily injury is inflicted upon the person assaulted;

''8. When committed with deadly weapons under circumstances not amounting to an intent to kill or maim;

''9. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury.''

\*          \*          \*          \*          \*          \*          \*

Neither the complaint nor the evidence informs us of the nature and extent of the wound inflicted upon the victim;

therefore we have no basis for determining the existence of circumstance No. 7.

As to circumstance No. 8, the complaint charges that the accused assaulted and struck the victim with a knife, inflicting a wound in the right side of her neck, and Mercedes López Solá, the only witness who gave direct evidence for the prosecution, testified "that on February 3 the accused went twice to her home and tried to force her to live with him, and one evening called her in the presence of her neighbors and attacked her with a razor, cutting her in the neck, because she would not go to live with him, her wound having been dressed in the emergency hospital at Bayamón where she continued to go every day for medical attention." For the purpose of considering that circumstance it is immaterial whether the wound was made with a knife or with a razor, for although in common language a knife is often improperly called a razor, we held in the case of *People* v. *Galarza,* 23 P. R. R. 335, that when the weapon used is a firearm or a knife, a revolver may be proved in the first case and any other similar cutting instrument in the second. It is sufficient that either weapon be deadly.

A deadly weapon is understood to be a weapon capable of causing death or producing serious bodily injury, and when the weapon with which the assault is committed has been identified, the question of whether or not it is a deadly weapon is one of law (*People* v. *Fuqua,* 58 Cal. 245, and *People* v. *Leyba,* 74 Cal. 407) and no evidence is necessary, unless there is some doubt as to the kind of weapon employed, or unless the fact as to whether or not it is a deadly weapon depends upon the manner in which it is used, and in such a case it is a question of fact to be considered by the jury upon the evidence or by the trial court, as the case may be. *People* v. *Rodrigo,* 69 Cal. 601; *People* v. *Leyba, supra; People* v. *Rivas,* 16 P. R. R. 581.

A deadly weapon may be defined as any instrument capable of causing death or producing great bodily injury when

used in the ordinary and customary manner according to its form and construction. 2 R. C. L. Assault and Battery, par. 25.

In this case the razor or knife, although it was not seized or identified, was used in the ordinary and customary manner and was capable of causing death or producing serious bodily injury to the victim, in view of the part of the neck in which the wound was inflicted. The weapon employed was a deadly one; hence the offense should be considered as accompanied by the aggravated circumstance defined under subdivision 8.

It is not important that the complaint sets up that "the aggravated circumstance in this case consists in that the victim is a woman and the assailant an adult male." The complaint states facts constituting the aggravated circumstance defined under subdivision 8 of section 6 of the Act relating to the matter and that is sufficient to justify its being considered against the accused. It is immaterial that the conviction was based on one or the other of the facts set up in the complaint. *Vaechter* v. *State,* 30 S. W. 444. See also section 362 of the Code of Criminal Procedure.

As regards the element of aggravation set out under No. 9, neither the complaint nor the evidence shows that the act was committed with premeditated design and by the use of means calculated to inflict grave bodily injury.

The judgment appealed from should be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Justice Wolf dissented.

DISSENTING OPINION OF MR. JUSTICE WOLF.

The majority opinion concedes that the matters of aggravation specifically mentioned in the complaint were not proved, but the court proceeds upon the theory that there were other matters of aggravation shown by the complaint. In other words although the complaint specifically notified

the defendant of a certain matter in aggravation, and the case probably, if not presumably, was tried on that theory, the court, on the suggestion of the *fiscal,* has searched the complaint and the proof and found another cause of aggravation. It is true that we have decided that the matters of aggravation need not be characterized in a complaint, but when such a characterization is made the pleader should be bound by it. The Texas case of *Vaechter* v. *State,* 30 S. W. 444, only decides that when two causes of aggravation are set forth the defendant may be convicted of either, but the books seem to indicate that in Texas the aggravation must be specifically pleaded as such. 5 C. J. 775. The general jurisprudence of that State, from which our law in this regard was taken, is that a man may not be charged with one matter in aggravation and convicted of another. 5 C. J. 775.