El Juez Asociado Sr. Wolf firmó "conforme con la sentencia."

---

EL PUEBLO, DEMANDANTE Y APELADO, *v.* ORIOLS, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en causa por acometimiento y agresión
con circunstancias agravantes.

No. 1365.—Resuelto en marzo 14, 1919.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—VARÓN ADULTO
O MAYOR DE VEINTIUN AÑOS.—Cuando en una denuncia se relatan hechos
constitutivos de la circunstancia agravante 8ª. de la sección 6ª. de la ley
sobre acometimiento y agresión, tal circunstancia puede apreciarse en contra
del acusado aunque en la denuncia se consigne que las circunstancias
agravantes consisten en que la agredida es una mujer y el agresor un varón
adulto.

ID. — ARMA MORTÍFERA — IDENTIFICACIÓN DEL ARMA — CARÁCTER DUDOSO DEL
ARMA.—Arma mortífera puede definirse como cualquier instrumento que
cause la muerte o grave daño corporal al ser usado del modo corriente o
usual y que su forma o construcción revela; y una vez identificada el arma
con que se comete la agresión, la determinación de si es o no mortífera es
una cuestión de derecho sobre la cual no es necesario practicar prueba alguna
a no ser que el carácter del arma sea dudoso, o dependa el que sea
mortífera o no de la forma en que se usa, en cuyo caso es una cuestión de
hecho que debe ser objeto de prueba y dejarse a la apreciación del jurado
o en su caso del tribunal sentenciador.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Enrique Campillo.*
Abogado del apelado: *Sr. S. Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

El presente es un caso criminal procedente de la Corte de
Distrito de San Juan, Sección 2ª.

La denuncia fué presentada por Carlos Valdespino, P. I.,
contra Juan Oriols por delito de acometimiento y agresión
con circunstancias agravantes y en ella se expresa "que en
3 de febrero de 1918, a las 10 P. M. y en la calle del Pilar,
Cataño, del distrito judicial municipal de Bayamón, que es
parte del distrito judicial de San Juan, el acusado Juan Oriols,

ilegal y voluntariamente y con la intención criminal de cau-
sar grave daño en la persona de Mercedes López Solá, le
acometió y agredió con una cuchilla, causándole una herida
en el lado derecho del cuello, de la que fué asistida en el hos-
pital de Bayamón.'' La denuncia concluye con la explicación
de que ''las circunstancias agravantes en este caso consisten
en que la agredida es una mujer y el agresor un varón adulto.''

Celebrado el juicio la corte dictó sentencia en 23 de di-
ciembre de 1918 por la que declara culpable a Juan Oriols
de acometimiento y agresión con circunstancias agravantes
y lo condena a ocho meses de cárcel y costas, contra cuya
sentencia interpuso el acusado recurso de apelación para ante
esta Corte Suprema.

Funda su recurso el apelante en que ni de la denuncia
ni de las pruebas aparece que el acusado fuera un varón
adulto o varón mayor de veintiún años, requisito indispen-
sable para que pueda apreciarse como circunstancia agra-
vante la que específicamente se expresa en la denuncia, se-
gún jurisprudencia establecida por esta corte en el caso de
*El Pueblo* v. *Colón,* 25 D. P. R. 629.

El Fiscal acepta, y nosotros con él, que ciertamente no
es de apreciarse la circunstancia agravante de que se deja
hecho mérito, pero que de todos modos han concurrido las
circunstancias agravantes enumeradas en los incisos 7º., 8º.,
y 9º., de la sección 6 de la ley sobre la materia aprobada
en 10 de marzo de 1904.

La sección 6ª. de la ley citada dice así:

''Sección 6ª.—Todo acometimiento y agresión será considerado con
circunstancias agravantes en los siguientes casos:

'' *   *   *   7. Cuando se infiere una herida grave a la persona
agregida.   8. Cuando se cometiere con armas mortíferas en circuns-
tancias que no revistiesen la intención de matar o mutilar.   9. Cuando
se cometiere con intención premeditada para el fin calculado de in-
ferir graves heridas corporales.''

Ni la denuncia ni las pruebas nos ponen en conocimiento
de la clase y extensión de la herida causada a la persona

agredida y por tanto nos falta base para apreciar la existencia de la circunstancia 7ª.

En cuanto a la circunstancia 8ª. la denuncia consigna que el acusado acometió y agredió a la ofendida con una cuchilla causándole una herida en el lado derecho del cuello; y Mercedes López Solá, única testigo directa de cargo declara "que el día 3 de febrero el acusado fué dos veces a su casa y luego quería obligarla a que viviera con él, y una noche la llamó al lado de sus vecinos y llegó y se le tiró encima, sacando una navaja y cortándola en el cuello, por no haber querido irse a vivir con él, habiendo sido asistida en la sala de socorros de Bayamón, a la que iba después todos los días a curarse." Para apreciar dicha circunstancia es indiferente que la herida fuera causada con una cuchilla o con una navaja, pues por más que en lenguaje vulgar con el nombre de navaja suele designarse aunque impropiamente la cuchilla, ya dijimos en el caso de *El Pueblo v. Galarza*, 23 D. P. R. 361, que cuando el instrumento usado en un arma de fuego o un cuchillo puede en el primer caso probarse un revólver y en el segundo puede probarse cualquier otro instrumento cortante parecido. Basta que una u otra arma sea mortífera.

Se entiende por arma mortífera aquella que puede causar la muerte o producir grave daño corporal y una vez identificada la clase de arma con que se cometiera la agresión, la determinación de si es o no un arma mortífera es una cuestión de derecho *People v. Tuque*, 58 Cal., *People v. Leyba*, 74 Cal. 407, sobre la que no es necesario, por lo tanto, practicar prueba alguna a no ser que el carácter del arma sea dudoso o dependa el que sea mortífera o no de la forma en que se usa, en cuyo caso es una cuestión de hecho que debe ser objeto de prueba y dejarse a la apreciación del jurado o en su caso del tribunal sentenciador. *People v. Rodrigo*, 69 Cal. 601 y *People v. Leyba, supra. El Pueblo v. Rivas*, 16 D. P. R. 611.

Arma mortífera puede definirse como cualquier instru-

mento que cause la muerte o grave daño corporal al ser usado del modo corriente y usual que su forma y construcción revele. 2 R. C. L.—Assault & Battery, párrafo 25.

La navaja o cuchilla en el presente caso, aunque no aparece que fuera ocupada e identificada, fué usada del modo corriente y usual, habiendo podido ocasionar la muerte o producir grave daño corporal a la agredida, atendida la región del cuello en que fué causada la herida. El arma empleada fué mortífera y de ahí que debe apreciarse como circunstancia agravante calificativa del hecho la definida en el número 8°.

Y no importa que en la denuncia se consigne que "las circunstancias agravantes en este caso consisten en que la agredida es una mujer y el agresor un varón adulto." En la denuncia se relatan hechos constitutivos de la circunstancia agravante 8ª. de la sección 6ª. de la ley sobre la materia y eso basta para que tal circunstancia pueda apreciarse en contra del acusado. Es inmaterial que se le condene por una u otra de las circunstancias comprendidas en la acusación. *Vaechter* v. *State*, 30 S. W. 444. Véase además el artículo 362 del Código de Enjuiciamiento Criminal.

Por lo que atañe a la circunstancia marcada con el número 9°., ni de la denuncia ni de la prueba aparece que el hecho se ejecutó con intención premeditada para el fin calculado de inferir graves heridas corporales.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SEÑOR WOLF.

Admite la opinión de la mayoría que no se probaron las circunstancias agravantes mencionadas específicamente en la denuncia, pero la corte pasa a considerar el caso ba-

sada en la teoría de que en la denuncia aparecían otras circunstancias agravantes. En otras palabras, que si bien por la denuncia se informó de modo específico al acusado de ciertas circunstancias agravantes y es probable, si no presumible, que la causa fuera juzgada a virtud de esa teoría, la corte a indicación del fiscal ha indagado la denuncia y la prueba y descubierto otra circunstancia agravante. Es cierto que hemos resuelto que no es necesario determinar en la denuncia el carácter de las circunstancias agravantes, pero si se hace tal descripción el que formula la alegación debe circunscribirse a la misma. En el caso de *Texas de Vaechter* v. *State,* 30 S. W. 444, solamente se resuelve que cuando se alegan dos circunstancias agravantes el acusado puede ser declarado culpable por cualquiera de ellas, pero las autoridades parecen indicar que en Texas tiene que ser alegada la circunstancia agravante como tal. 5 C. J. 775. La jurisprudencia general de ese Estado del cual fué tomada nuestra ley sobre el particular sostiene que no puede imputarse a una persona una circunstancia agravante y ser declarada culpable de otra. 5 C. J. 775.