CASE 73—INDICTMENT—NOVEMBER 2.

# Commonwealth v. Branham.

`8bu387`
`106  528`

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. "DEADLY WEAPONS."—These words, as used in section 2, article 6, chapter 28, Revised Statutes, 1 Stanton, 382, are not restricted to such weapons or instruments as are made and designed for offensive or defensive purposes, or for the destruction of life or the infliction of injury.
2. "*Deadly weapon*," as used in said statute, embraces any deadly weapon with which a person may be wounded by cutting or stabbing.
3. *A chisel* is held to be a deadly weapon in this case.

JOHN RODMAN, Attorney-General,   .  .  .   For Appellant,

CITED

3 Bush, 106, Wilson v. Commonwealth.
1 Russell on Crimes, 120.
Roscoe's Criminal Evidence, 558.

THOMAS E. BRAMLETTE,  .  .  .  .  .  .  .   For Appellee.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the commonwealth for the reversal of a judgment of the Jefferson Circuit Court dismissing on demurrer an indictment against Matthew Branham, charging him with willfully, maliciously, and feloniously stabbing and cutting Peter Lewis with a chisel, described in the indictment as "an edged instrument, or deadly weapon."

The only essential inquiry in the case is, whether the

instrument described is a *deadly weapon* within the meaning of the second section of article 6, chapter 28, of the Revised Statutes.   It is insisted by the counsel for the appellee that the words "deadly weapons" as there used should not be so construed as to comprehend any instrument which may be used for inflicting personal injury; but that their meaning is restricted to such weapons or instruments as are made and designated for offensive or defensive purposes, or for the destruction of life or the infliction of injury.

But, as this court substantially held in the case of Wilson v. The Commonwealth (3 Bush, 105), such a restrictive interpretation of the statute is not authorized either by its "letter, context, or reason."   On the contrary, we think the enactment was intended to embrace any deadly weapon with which a person may be wounded by cutting or stabbing.

It results that the court erred in sustaining the demurrer to the indictment.   Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.