[No. 10,563.—Department One.]

|  58  245|
|123  578|

## PEOPLE v. MICHAEL FUQUA.

DEADLY WEAPON—DEFINITION—INSTRUCTION.—A deadly weapon is one likely to produce death or great bodily harm, and it is error for a Court to refuse to instruct the jury upon the meaning of the words.

APPEAL from a judgment of conviction and an order deny-

ing a new trial in the Superior Court of Napa County.  WAL-
LACE, J.

*W. F. Henning* and *F. P. Dann*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

Ross, J.:

The defendant was indicted for the crime of murder, and
convicted of murder in the second degree.  For the purposes
of our decision it is not necessary to detail all of the circum-
stances of the killing.  Suffice it to say that immediately
preceding the firing of the fatal shot by defendant, the de-
ceased was advancing towards him with a pick-handle, de-
scribed by one of the witnesses as being made of hard wood,
from twenty-six to thirty inches in length, and from one and
one quarter to one and one half inches in diameter at one
end, and from two and one quarter to two and one half inches
in width at the other end.  The Court instructed the jury,
among other things, in substance, that if they believed from
the evidence that the deceased assaulted defendant with a
deadly weapon, they should consider the intent with which
such assault was committed, and that if they should find that
there was reasonable ground for apprehending that he de-
signed to commit a felony or do the defendant some great
bodily injury, and that there was imminent danger of such
design being accomplished, and that the defendant acted alone
under fear that such design would be accomplished, then they
should find that defendant was justified in killing the de-
ceased.

After the jury had deliberated on the case for several hours
they were brought into Court at their own request, when the
instructions were again read to them, and then the following
proceedings occurred:

" A Juror.  Will the Court please instruct us as to what is
termed by law a deadly weapon?

" The Court.  That is a fact the jury must find.  Where
the instructions speak of the commission of an act, it is for
the jury to determine whether the act described was commit-
ted or not; it is not for the Court.  When the instructions
speak of the use of a deadly weapon, it is for the jury to de-

termine whether any weapon was used; what its character was and whether deadly or otherwise. That is a duty which belongs to the jury and they can not shift it on to the Court. That is a fact in the case, and the facts are for the jury alone.

" The Juror. I don't want to shift anything. We thought the law plainly stated what these things are.

" The Court. I did not mean to use the term 'shift the responsibility' in any offensive sense, but the law has not invested the Court with any such power; therefore the jury must bear the responsibility which the law places upon them."

There was error in this ruling of the Court, and—in view of the instruction the Court had given upon the question of justification, and the inquiry on the part of the jury—error prejudicial to the defendant. A deadly weapon is one likely to produce death or great bodily injury. And although whether the weapon used was such as is described by the witnesses, where it is not produced, or if produced, whether it was the one used, are questions of fact for the jury, still, these ascertained, the *character* of the weapon is ordinarily pronounced by the law. There may, however, be cases in which its character, that is to say, whether deadly or otherwise, depends upon the manner in which it was used, and thus becomes a mixed question of law and fact. In cases of the latter kind the character of the weapon must be left to the determination of the jury, under appropriate instructions. See upon this subject, 1 Bish. Cr. Law, § 335; *The State* v. *Jarrott*, 1 Ired. 87; *The State* v. *Collins*, 8 Ired. 407; *Rex* v. *Grice*, 7 Car. & P. 803; *State* v. *Dineen*, 10 Minn. 407; *State* v. *West*, 6 Jones, 505.

Judgment and order reversed and cause remanded for a new trial.

McKEE, J., and McKINSTRY, J., concurred.