[In Bank. —November 26, 1883.]

## THE PEOPLE, APPELLANT, *v.* WILLIAM FAHEY, RESPONDENT.

CRIMINAL LAW — ASSAULT — JURISDICTION. —The defendant was charged with having committed an assault by means likely to produce great bodily injury. The lower court sustained a demurrer on the ground that it had no jurisdiction of the offense charged. *Held,* error.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion of the court.

*Attorney-General Marshall,* and *District Attorney Farrar,* for Appellant.

*S. W. Geis,* and *R. H. Ward,* for Respondent.

McKEE, J. —To an information charging the defendant with having committed the crime of " an assault by means likely to produce great bodily injury, to wit: With a brick-bat weighing about five pounds " a demurrer was filed upon the grounds that the court had no jurisdiction of the offense charged, and that the complaint did not conform to the requirements of sections 950, 951, 952 of the Penal Code, and the court sustained the demurrer on the ground that it had no jurisdiction of the offense charged.

This was error. Section 245 of the Penal Code provides that " every person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, is punishable by imprisonment in the State prison, or in a county jail not exceeding two years, or by fine not exceeding five thousand· dollars, or by both." The offense charged was therefore a felony of which the court had jurisdiction (§ 5, art. vi., Const.), and the fact that the offense charged included within it a lesser offense, of which the defendant might be convicted, or that the court in the exercise of its discretion, could inflict punishment within the limits prescribed by law upon any conviction which might be rendered in the case, in no way affected the jurisdiction of the court to try and determine it.

Judgment reversed and cause remanded for further proceedings with direction to overrule the demurrer.

Ross, J., Myrick, J., McKinstry, J., Sharpstein, J., and Thornton, J., concurred.