[No. 20333. In Bank. — August 25, 1887.]

## THE PEOPLE, RESPONDENT, *v.* ANTONE GUIDICE, APPELLANT.

CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — SIMPLE ASSAULT — INSTRUCTIONS. — In a prosecution for an assault with a deadly weapon, an instruction which assumes that the jury must either acquit or convict the defendant of the offense charged, without informing them that they could convict of the lesser offense of simple assault, is not erroneous, if no evidence was offered at the trial tending to show the commission of the lesser offense.

ID. — INSTRUCTIONS AS TO RIGHT OF SELF-DEFENSE. — Certain instructions taken from the case of *People* v. *Iams,* 57 Cal. 115, as to the right of the defendant upon apparent danger to himself to use a deadly weapon in self-defense, approved.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. Edward Marks,* for Appellant.

*Attorney-General Johnson,* and *William T. Jetter,* for Respondent.

Temple, J.—The defendant was charged with an assault with a deadly weapon, and having been convicted, complains of certain instructions given by the court.

It appeared in the evidence that the assault was made with an ax. The prosecuting witness and the defendant agree as to the mode in which the ax was used, and on this point the evidence is not conflicting. In effect the court told the jury that they must find the defendant guilty as charged, or must acquit, thereby failing to charge that the crime of simple assault was included in the information, and that it was competent for them to find the defendant guilty of the lesser offense. If there was any evidence tending to show that a simple assault only had been committed, the instruction was erroneous. We find no such evidence in the record. The real issue raised by the defendant was, that he was acting in self-defense. The prosecuting witness said that he was assaulted by the defendant, who struck him with an ax with such force as to knock him down. The defendant's account of the blow given is as follows:—

" I was afraid he would shoot, so I struck him with the blunt end of the ax I had in my hand. I tried to hit him on the arm that held up the pistol, but I missed his arm and struck him in the side. He fell down. He still held on to the pistol. I hit him twice more."

It may be true that an ax is not necessarily a deadly weapon; that whether in the particular case it is so or not will depend upon the mode in which it is used. But here was a blow struck with force intended to be sufficient to disable an antagonist, and actually knocking him down. So used, it was necessarily a deadly weapon, and the defendant was not injured by the failure of the court to

instruct the jury as to simple assault. Beside, the defendant did not request any instruction upon that point. The instruction in regard to the right to act in self-defense was taken from the case of *People* v. *Iams*, 57 Cal. 115, and has been approved by this court. It correctly lays down the law on that subject.

In the case of *People* v. *Flahave*, 58 Cal. 249, it was said in the charge there reviewed that it must appear that it was absolutely necessary to prevent death or great bodily injury, to justify the use of a deadly weapon in self-defense. This instruction was not qualified by any statement of the right to act upon apparent danger. Here the right of the defendant to act upon appearances was fully and clearly stated.

Order and judgment affirmed.

Searls, C. J., Thornton, J., Sharpstein, J., McFarland, J., and Paterson, J., concurred.