[No. 20949. Department Two. — August 31, 1893.]

THE PEOPLE, RESPONDENT, *v.* WONG AH LEONG, APPELLANT.

CRIMINAL LAW — ASSAULT WITH KNIFE — EVIDENCE — POSSESSION OF PISTOL. — In a criminal prosecution of one charged with an assault " with a deadly weapon, to wit, a knife," the admission of evidence that the defendant, when arrested, had a pistol is prejudicial error.

ID. — CROSS-EXAMINATION OF DEFENDANT. — A defendant, in a criminal action, who offers himself as a witness, can only be cross-examined as to matters about which he was examined in chief, and where the defendant, accused of an assault with a knife, testified in his own behalf that it was a third person who cut the prosecuting witness, and merely gave an account of how he happened to be near the scene of the assault at the time of his arrest, and made no allusion in his evidence in chief to the fact that he had a pistol at the time, it was prejudicial error for the court to allow him to be asked upon cross-examination about a pistol.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

· *Robert Ferral,* and *Dorn & Dorn,* for Appellant.

*Attorney-General W. H. H. Hart,* for Respondent.

McFARLAND, J. — The appellant was charged with and convicted of the crime of an assault with an intent to commit murder, the charge being that he committed the assault "with a deadly weapon, to wit, a knife, upon the person of one Leong Ly Chuen"; and he appeals from the judgment and from an order denying a new trial.

Appellant contends that the court erred in certain rulings touching the admissibility of evidence.

' The prosecuting witness testified that while he was going up á pair of stairs leading from the street to the upper story of a house, he was cut by the appellant, who had followed him; that he (the witness) made an outcry and immediately turned and pursued the appellant down the stairs, and that appellant was arrested a few steps from the foot of the stairs by a man named Riordan. There was testimony on the part of defendant to the point that it was a third man who fled down the stairs; that the third man ran away and escaped; and that the appellant, who was passing along the street, had merely stopped near the foot of the stairs at the time of his arrest because attracted by the outcry of the prosecuting witness. Riordan testified that he delivered the man whom he had arrested to some officers, and also testified without objection that while the officers were taking appellant to the receiving hospital a pistol fell from the person of appellant, and going off, shot appellant in the leg. One of the officers, against the objection of appellant, also swore to the dropping of the pistol, and the pistol was admitted in evidence against appellant's objection.

The appellant was a witness in his own behalf, and in his testimony in chief merely gave an account of how he happened to be near the stairway at the time of his arrest. His narrative stopped at the point of his arrest. He said nothing about anything that occurred afterwards, and made no allusion to the episode of the pistol. But on cross-examination the prosecution immediately commenced asking him about the pistol, the very

first question being: "Did you ever see that pistol before?" To this appellant's counsel objected as "not in cross-examination," and also as irrelevant and immaterial, and "calculated to convict the defendant of another and different charge." The objection was overruled and appellant excepted. The ruling was clearly erroneous. By section 1323 of the Penal Code a defendant who offers himself as a witness can be cross-examined only as to "matters about which he was examined in chief." As the cross-examination was not as to a matter about which appellant had been examined in chief, and as it was not admissible for the purpose of impeaching his character (Code Civ. Proc., sec. 2051), we cannot conceive of any theory upon which it can be justified. (See *People* v. *O'Brien*, 66 Cal. 602; *People* v. *Bishop*, 81 Cal. 116.) The only plausible position that can be taken by respondent is that the matter inquired of in the cross-examination was not of sufficient importance to have been prejudicial to appellant. But in the first place, the prosecution, after having persistently endeavored all through the trial to prove the fact that appellant had a pistol, can hardly be heard to say now that such fact was not important; and in the second place it is quite clear that evidence of the fact that appellant had a pistol, although he was only charged with having committed the crime with a knife, greatly prejudiced him in the minds of the jury. There is no escape, therefore, from the conclusion that for said error a new trial must be granted.

As to the other alleged errors in rulings on evidence, it is sufficient to say that no exceptions were taken at the proper time. The charge of the court to the jury is not upon its face erroneous. We do not think that the language of the charge prevented the jury from finding appellant guilty of a lesser crime included within the information, or apparently influenced them to find a verdict for the highest offense.

The judgment and order are reversed, and the cause remanded for a new trial.

FITZGERALD, J., and DE HAVEN, J., concurred.