[Crim. No. 449.    Department Two.—March 1, 1899.]

THE PEOPLE, Respondent, v. JOHN J. VALLIERE, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—EVIDENCE—MOTIVE—ATTEMPT TO ESCAPE FROM JAIL.—Upon the trial of a defendant charged with an assault with a deadly weapon with intent to commit murder, evidence is admissible for the purpose of showing the motive and intent of the assault, to prove that the defendant was then confined in the county jail awaiting sentence under conviction for burglary, and that the assault was made upon the deputy sheriff in charge of the jail, for the purpose of attempting to make an escape.

ID.—"DEADLY WEAPON"—LOADED STOCKING—POSSIBILITY OF DEATH—BLOW UPON TEMPLE.—A "deadly weapon" is one "likely to produce death or great bodily injury;" and where the assault was made with a loaded stocking filled with salt and plaster hardened by wetting, it was admissible, though inconclusive, to inquire whether a man could be killed with that weapon, and then it was proper to show how it could be done, and that it was an instrument likely to produce death when used with sufficient force in a blow upon the temple, in the manner in which the evidence showed that it was used.

ID.—CHANGE OF RULING UPON EVIDENCE—APPEAL—RULING IN FAVOR OF APPELLANT.—The fact that the objection of the defendant to the question whether a man could kill another with the weapon used, was at first sustained, does not make erroneous a second ruling overruling the same objection to a similar question when repeated. The first ruling, being in favor of the defendant, cannot be objected to as erroneous upon his appeal.

ID.—CROSS-EXAMINATION—WEAPON NOT REFERRED TO IN CHIEF.—A medical witness who has testified only as to the weapon used by the defendant cannot properly be asked on cross-examination as to another and different weapon called a "billy," and as to whether the witness would call that a deadly weapon.

ID.—INTENT TO MURDER—SUFFICIENCY OF EVIDENCE.—For the purpose of determining whether the assault was made with intent to murder, the character of the instrument used, the manner in which it was used, and the purpose to be accomplished are all to be considered; and where it appears that a purpose to kill the deputy with a deadly weapon might have been formed to avoid alarm and pursuit in the attempt to escape, it cannot be said the verdict of guilty was not justified by the evidence.

ID.—DEADLY WEAPON DEPENDING UPON MODE OF USE—MIXED QUESTION OF LAW AND FACT.—If the testimony shows that the question whether the instrument used was such as would be likely to produce death depends upon the manner of its use and the

portion of the body upon which it was used, it becomes a mixed question of law and fact whether it was a deadly weapon, which the jury must determine under proper instructions from the court.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial.  John C. Gray, Judge.

The facts are stated in the opinion of the court.

George E. Gardner, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

HAYNES, C.—Appellant was tried upon an information charging him with an assault with a deadly weapon with intent to murder one John Boyle, was found guilty and sentenced to imprisonment for the term of fourteen years, and he appeals from the judgment and an order denying his motion for a new trial.

Appellant specifies several rulings of the court upon questions of evidence, and that the evidence does not justify the verdict, as the grounds upon which he seeks the reversal of the judgment and the granting of a new trial.

At the time of the commission of the alleged offense appellant was confined in the county jail, and committed the assault charged in the information upon the deputy sheriff in the evening, when the deputy was about to lock him up in his cell for the night.  The instrument with which the assault was committed was a stocking, loaded with salt and plaster which had been hardened by wetting.

The prosecution offered evidence to show that appellant at the time of the assault had been tried on a charge of burglary, had been found guilty, and was in jail awaiting sentence therefor, and this evidence was received over appellant's objection, the court ruling that it was admissible as tending to show motive for the assault, his purpose being to make an escape.

For the purpose of showing motive and intent, this evidence was properly received.  (*People v. Lane*, 101 Cal. 513, and cases there cited.)

Doctor Gates was called by the prosecution, and, after being

shown the instrument with which the assault was committed, was asked by the district attorney: "Could a man kill another with that bag?" Defendant's objection to the question was sustained. The witness was then asked by the prosecution: "Is that a deadly weapon? A. I presume that would depend altogether on the portion of the body that it came in contact with, and the force used. Q. Could a man be killed with that weapon?" Defendant's objection was overruled, and exception taken. The witness answered: "There are portions of the body which if struck would produce death, or produce a condition from which death would ensue. Q. Is the temple one portion of the body where if a man were struck with that it might produce death? A. Yes; if you could strike him with sufficient force."

The question objected to, "Could a man be killed with that weapon?" was, to say the least, inconclusive, since there are many things with which a man may be killed which could not be classed as a "deadly weapon." A "deadly weapon" is defined to be one "likely to produce death or great bodily injury." (*People v. Fuqua*, 58 Cal. 245; *People v. Franklin*, 70 Cal. 641; *People v. Leyba*, 74 Cal. 407.) The question, however inconclusive it might be, was not irrelevant, since if it was an instrument with which life could not be taken, it could not be classed or considered as a deadly weapon, and the prosecutor might first show that life could be taken with it, and then proceed to show how it could be done, and thus proceed to establish the fact that it was an instrument likely to produce death when used in the manner the evidence shows it was; and the evidence touching the manner in which it was used, in connection with the testimony of this witness, was sufficient to justify the jury in finding that it was a deadly weapon. The fact that defendant's objection to the same question, when first put to the witness, was sustained, does not make the second ruling erroneous; and as the first ruling was in defendant's favor, he cannot complain that it was erroneous.

The respondent's objections to the several questions put to this witness by the defendant upon cross-examination as to a "billy," what it is used for, and whether the witness would call it a deadly weapon, were properly sustained.

It is further contended by appellant that his motion for a

new trial should have been granted because the evidence does not justify the verdict: 1. Because the evidence shows that the sole intent with which the assault was committed was that of escaping from jail; and 2. That the evidence does not justify the finding of the jury that the instrument used was a deadly weapon.

As to the first of these grounds, there can be no question that the purpose intended to be accomplished by means of the assault was to escape from jail, but to accomplish this it was necessary to secure the keys of the doors through which the sheriff entered, and to prevent alarm, interference, and pursuit. If defendant had snatched the keys from the deputy he might still have been prevented from reaching the door, or, if he succeeded, the deputy could give alarm and pursuit; but if he killed the deputy alarm and pursuit might be prevented; and therefore the ultimate purpose or object to be accomplished is not the question to be decided, but whether he intended to kill the deputy in order that he might escape. For the purpose of determining whether the assault was made with intent to murder, the character of the instrument, the manner in which it was used and the purpose to be accomplished, are all to be considered.

It is urged, however, that the instrument with which the assault was made is not a deadly weapon.

The testimony of Doctor Gates would seem to show that whether the instrument used was such as would likely produce death depends upon the manner of its use and the portion of the body upon which it was used, and therefore it becomes a mixed question of law and fact which the jury must determine under proper instructions. (*People v. Fuqua, supra; People v. Rodrigo,* 69 Cal. 601; *People v. Leyba, supra.*) The blow given by the defendant was upon the side of the face and temple, and knocked the deputy down, but did not disable him. The jury saw the defendant, and the instrument with which the assault was committed, heard all the evidence touching the circumstances and manner of the assault, and, under proper instructions from the court, found that the instrument used was a deadly weapon. We cannot say as a matter of law that their conclusion was wrong, or that the verdict for any reason was not justified by the evidence.

I advise that the judgment be affirmed.

Gray, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Henshaw, J., Temple, J.