### Floyd Stanton v. State.

#### No. 2108.    Decided December 4, 1912.

**1.—Assault to Murder—Continuance—Immateriality of Testimony.**

Where the evidence on the trial disclosed that the testimony alleged in the application for continuance did not enter into the case and was immaterial, there was no error in overruling a motion for new trial for a failure to grant said application for continuance.

2.—Same—Intent to Kill—Deadly Weapon—Sufficiency of the Evidence.

Where, upon trial of assault with intent to murder, the evidence did not show definitely that the weapon used was a deadly one, but that it was one with which a person could be killed and there was enough evidence to authorize the jury to reach the conclusion that the assault was made with intent to kill, the conviction for assault with intent to murder was sustained; the court having submitted the issues properly.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Woods & Morrow,* for appellant.—On the question of the insufficiency of the evidence: Hunt v. State, 6 Texas Crim. App., 663;

*C. E. Lane,* Assistant Attorney-General, for the State. Wilson v. State, 15 id, 150.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of an assault with intent to murder his wife.

When the case was called for trial he applied for a continuance on account of the absence of Marcia Stanton. The facts alleged to have been known by the absent witness were unknown to appellant until the morning the application was filed. At this time he had been in jail about a month and had no opportunity to communicate with his friends on the outside to ascertain the materiality of the witness named above; that if the absent witness was present he would swear that his, appellant's, wife had been untrue to him, and that in his absence from home when at work she was seen to receive other male persons at his (appellant's) home. That the difficulty between his wife and himself grew out of the fact that she had been untrue to him as a wife, receiving other male persons, etc. This application was overruled, and a bill of exceptions taken. On the trial of the case it developed that appellant had become jealous of his wife on account of another negro at Terrell, where the difficulty occurred. Prior to the time of the attack he made on his wife, he and his wife and her sister were in a store where another negro was clerking, and his wife did not introduce him to the negro to whom she spoke and with whom she had some conversation. When they were leaving the store he (appellant) reminded her of that fact, and she then proposed to take him back and introduce him to the other negro. This, however, was finally declined, and they went away. Subsequently, appellant went to the house of a Mr. Franks, where his wife was employed as cook, and after spending the morning with her, knocked her down by striking her on the back of the head with a hatchet, and after she was down he repeated these licks several times, inflicting serious wounds. On the trial of the case the evidence disclosed, sub-

604        68 Texas Criminal Reports.        [December,

stantially, that appellant went to the house of Mr. Franks, where his wife was employed as servant and cook, spent the morning with her, trying to induce her to return and live with him. This she declined to do. Under the State's case appellant, without any warning so far as his wife was concerned, secured a hatchet weighing about a pound and a quarter to a pound and a half, from a little gallery on the outside of the kitchen, came in the kitchen where his wife was, and while the white family were at dinner, his wife being en route from the kitchen into the dining room, he struck her on the back of the head with the hatchet. She fell from the force of the blow in the dining room near where Mrs. Franks was sitting. Appellant continued to strike her on the back or side of the head several blows. He then ran away and was finally captured. There seems to have been nothing said at the time that would indicate that he intended to attack her, nor was anything said about her intimacy with anybody other than her husband, unless it was in reference to the negro mentioned above found at the store in Terrell. We are of opinion, in the light of these facts, that the court did not err in refusing a continuance. The testimony as stated in the application was unknown to defendant, and did not, therefore, enter into the case.

One other question worthy of notice is appellant's contention that the evidence is not sufficient to support the conviction, and under the circumstances the conviction should not have been for a higher offense than aggravated assault. Appellant made a statement, which was introduced in evidence against him, which may be termed a confession, in which he admits striking his wife, but said at the time he had no intent to kill her. The evidence shows, as above stated, that he struck her several times. The witnesses vary, some of them stating that he struck her as many as six times with the hatchet, and the blows were all confined except one to the head. The doctor stated there was a bruise or wound on one of her wrists. The doctor testified the wounds were all serious, and that either from the force of the blow or falling on the floor she bled freely from the ears, which perhaps saved her life. This blood was from the inside of the head and came out through the ears. The evidence does not show definitely the weapon was a deadly one, but the doctor and Mr. Franks testified that it was one with which a person could be killed, especially in the hands of a strong, vigorous man like the defendant.

There is enough, we think, in the record from which the jury could infer and conclude that appellant made an assault with intent to kill. The witnesses testified the instrument was an ordinary hatchet, and Mr. Franks stated it would weigh from a pound and a quarter to a pound and a half and was made of iron or steel. Appellant's wife was confined to her bed for quite a length of time. The sharp issue and appellant's contention from this viewpoint is, whether it was done with intent to murder or only to make a serious assault. The court submitted the issue closely and sharply as between the two grades of

the offense, and the appellant requested special instructions on the same point, and these were given. We are of opinion that there is enough evidence to authorize the jury to reach the conclusion that the assault was made with intent to kill, and that there is evidence enough for the jury to infer that the weapon as used, and under the circumstances of the case, was used as a deadly weapon, and that it was used under the circumstances as a deadly weapon. Witnesses testified that a party could be killed with the instrument in the hands of a man like the defendant, and that he made a vicious assault upon her is unquestioned, knocking her down and striking her several times with it after she was down, and each time on the back or side of the head. Sometimes these questions are close, but the facts are sufficient in this case, we think, to justify the conclusion of the jury that the assault was made for the purpose and with the intent to kill. They could have solved the question the other way and given appellant only the punishment of aggravated assault, but under the facts developed we are of opinion this court would not be justified or authorized to interfere and hold that the evidence was not sufficient. Therefore, we think the judgment ought to be affirmed, and it is accordingly so ordered.

*Affirmed.*