[Crim. No. 1524. Second Appellate District, Division One.—October 26, 1927.]

THE PEOPLE, Respondent, v. OWEN FREEMAN et al., Appellants.

Wm. T. Aggeler, Public Defender, and Carl A. Davis, Deputy Public Defender, for Appellants.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

HOUSER, J.—Defendants pleaded guilty to a charge of robbery. On a hearing had for the purpose of fixing the degree of the crime, the evidence showed that in the commission of the offense one of the defendants used a large unloaded revolver, although no oral threats were made by either of the defendants, nor was any attempt made by either of them to shoot with such weapon or to strike the victim of the robbery with it. At the time the robbery occurred another of the defendants had a matchbox made of metal in the shape of a pistol, which he flourished about, and the third defendant had nothing whatsoever in his possession which represented a weapon of any sort. In such circumstances, and in accordance with the provisions of section 1192 of the Penal Code, the trial court determined that the degree of the crime committed by the defendants constituted robbery in the first degree. From the judgment of the court pronounced in pursuance of such determination the defendants appeal to this court.

Section 211a of the Penal Code provides that: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree."

It is the contention of appellants that because the record herein fails to show that any attempt was made by the defendants, or by either of them, to use the unloaded pistol in the possession of one of them in an aggressive or offensive manner, thereby indicating an attempt to injure the victim of the robbery, it cannot be said that the unloaded pistol was either a dangerous or a deadly weapon, and, consequently, that the determination by the trial court to the effect that the defendants were guilty of robbery in the first degree was prejudicial to the substantial rights of the defendants—for which error a reversal of the judgment should result.

The question as to whether a given instrument is a dangerous or a deadly weapon depends for its solution primarily upon the attendant circumstances, as well as upon the use which has been made, or is proposed to be made, of the particular instrument. Notwithstanding the general prevailing opinion, at least among those unfamiliar with or un-

accustomed to the use of firearms, that a gun "without lock, stock or barrel" is dangerous, it is patent that ordinarily, and without the aid of some animate agency, a gun in itself, either loaded or unloaded, possesses no qualities either dangerous or deadly. In other words, it is only by its use, whether arising from human or other manipulation, that it assumes a deadly character, or one dangerous to life or limb; and just so, only in a lesser degree, is any other invention, device, or instrument. According to the authorities, an ax (*People* v. *Guidice*, 73 Cal. 226 [15 Pac. 44]), a hatchet (*Stanton* v. *State*, 68 Tex. Cr. 602 [151 S. W. 808]), a chisel (*Commonwealth* v. *Branham*, 71 Ky. 387), a pick handle (*People* v. *Fuqua*, 58 Cal. 245, a rock (*Cosby* v. *Commonwealth*, 115 Ky. 221 [72 S. W. 1089]), a stone (*Acers* v. *United States*, 164 U. S. 388 [41 L. Ed. 481, 17 Sup. Ct. Rep. 91, see, also, Rose's U. S. Notes]), a brickbat (*People* v. *Fahey*, 64 Cal. 342 [30 Pac. 1030], a stocking filled with salt and plaster (*People* v. *Valliere*, 123 Cal. 576 [56 Pac. 433]), or even a pin (*State* v. *Norwood*, 115 N. C. 789 [44 Am. St. Rep. 498, 20 S. E. 712]), may, in appropriate circumstances, become a deadly weapon. As is said in *State* v. *Huntley*, 91 N. C. 617, 620:

" . . . A small pocket knife, a walking cane, a switch of the size of a woman's finger, if strong and tough, may be made a deadly weapon if the aggressor shall use such instrument with great or furious violence, and especially, if the party assailed should have comparatively less power than the assailant, or be helpless and feeble. . . . It is the use of such instrument that gives consequence to the offense."

It is manifest that a heavy club or a piece of gas-pipe in the hands of a child of tender years and proposed by it to be used as against a large and powerful man of mature years could scarcely be considered either as a deadly or a dangerous weapon; but reversing the situation as to parties, it is clear that the weapon might be not only dangerous, but deadly. ▮ Notwithstanding the fact that ordinarily and in and of itself the instrumentality may be in fact comparatively harmless, if, considering the attendant circumstances, together with the present ability of its possessor, the instrument is capable of being used in a deadly or dangerous manner, for the purpose of the particular occasion only, the character of the instrument may be so established.

In the instant case it is apparent that, although the defendant who had possession of the unloaded pistol at the time the robbery occurred was ten or twelve feet distant from the victim, it was possible for such defendant within a very short space of time to have used the pistol as a bludgeon or club, thus rendering it a most "dangerous" weapon within the meaning of the statute. So far as this state is concerned, the point seems to be settled in each of the cases of *People* v. *Egan*, 77 Cal. App. 279 [246 Pac. 337], and *People* v. *Shaffer*, 81 Cal. App. 753 [254 Pac. 666]. In the first of such cases, in considering the point urged by appellant, the court said in part:

" . . . It is a matter of common knowledge that in committing robbery pistols are frequently used as bludgeons rather than as firearms. The fact, therefore, that a person perpetrating such crime is armed with a pistol is enough to justify the conclusion that the pistol used by him is a 'dangerous' weapon within the meaning of said section 211a of the Penal Code, even though it be not loaded."

And in the Shaffer case it was directly held that an unloaded revolver is a "dangerous" weapon, within the meaning of section 211a of the Penal Code.

It must, therefore, be concluded that in the premises no error was committed by the trial court.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.