[Crim. No. 1562. Second Appellate District, Division One.—February 28, 1928.]

THE PEOPLE, Respondent, v. JOHN MILBURN, Appellant.

Frederick H. Vercoe, Public Defender, and G. A. Benedict, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.—This is an appeal from a judgment of conviction of first degree robbery and from an order denying defendant a new trial. The defendant, together with one Walter Wright, was accused by information filed by the district attorney of Los Angeles County of the crime of robbery. Defendant Wright entered a plea of guilty and was sentenced to San Quentin. The evidence was legally sufficient to justify the jury in finding that the defendant Milburn committed the crime of robbery, but as to whether it was first degree robbery or not is the question raised by his counsel, as he questions whether or not there was any proof that the gun used was loaded at the time of the offense. However, this is amply met by the record in that the evidence shows that the gun was used by the defendant in such a manner as would justify the jury in finding that the same was loaded. The denials of the defendant were not that the gun was not loaded, but only that he did not

participate in the robbery at all. If he had actually testified that he was present and used the gun in an unloaded condition, then we would have to pass upon a question that has not definitely been determined as to just how far the proof must go to show a gun is a dangerous weapon. The old decisions holding that a pistol or revolver is not a deadly weapon unless it is proven to have been loaded at the time it was used in the commission of a crime did not discuss the question of the manner or way in which the gun was used and as to how far the jury may consider such evidence in determining whether the same was a deadly weapon. In the instant case the jury had only to determine that the gun used was a *dangerous weapon*. (*People* v. *Freeman et al.*, 86 Cal. App. 374 [260 Pac. 826].)

█ A more serious question is raised by the objection of the defendant as to the introduction of certain evidence in reference to his arrest nine days after the robbery, which evidence showed that he was then in the company of the defendant Walter Wright, who entered a plea of guilty herein. Evidence was also introduced to the trial court, but later stricken out, that the said Walter Wright was armed with a gun at the time of arrest. There was evidence also introduced in this connection showing that the defendant was armed with a dagger at that time. This evidence should never have been brought before the jury, and it is problematical as to the effect it had upon them. In case evidence was forthcoming that at the time of his arrest the defendant was armed with a gun similar to the gun with which the hold-up occurred, such evidence would probably be competent and proper evidence for the jury to consider. However, the court, after admitting the evidence, struck out that portion thereof that referred to any gun or guns on the other party or parties at the time the defendant was arrested.

The court, however, did not strike out the evidence as to a dagger being found upon the defendant. The evidence does not show whether the same was concealed upon his person or not. Juries are not always amenable to the instruction of a trial court to disregard the evidence which the trial court has stricken out. In the instant case, the evidence on which the defendant was convicted was the evidence of one man (Sparks) and there was the positive and direct evidence of the defendant and his co-defendant Walter Wright that

he did not participate in the robbery charged. The error of the trial court in allowing the evidence to remain as to a dagger being found upon him at the time of his arrest (*People* v. *Wong Ah Leong,* 99 Cal. 440 [34 Pac. 105]), taken with the difficulty that the jury would probably have in fully obeying the order of the trial court to disregard certain of the evidence ord_red stricken out, was more than likely to cause a miscarriage of justice, in that the jury might not have found the defendant guilty as charged if it had not been for the prejudice which probably resulted from such evidence. The jury might have believed the evidence of the People's prosecuting witness Sparks in all particulars and upon that determined the guilt of the defendant; or they might have been induced to render their judgment and to have believed the witness Sparks only by reason of the error referred to or by reason of prejudice caused only by their inability to disregard the evidence as to the companions of the defendant at the time of his arrest being armed with guns. Where the evidence was so evenly balanced, even though we have but the cold record before us, we believe the defendant is entitled to a trial on the facts as to the robbery only.

Therefore, the order denying the motion for a new trial is reversed and a new trial ordered herein.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 23, 1928.