[Crim. No. 1532. First Appellate District, Division Two.—May 23, 1929.]

THE PEOPLE, Respondent, v. BERTHA BROWN et al., Appellants.

Leo A. Sullivan and J. L. Royle for Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendants, charging them with robbery, and in the second count charging them with conspiracy to commit robbery. They pleaded not guilty. Both were tried together before the court sitting with a jury. The jury found each defendant not guilty of robbery and it found

each defendant guilty of conspiracy to commit robbery. Both defendants have appealed.

In presenting their appeal the defendants assert that the evidence introduced was not sufficient to prove that a conspiracy was formed. We think that the point is not well founded and that the evidence was abundantly sufficient to prove that a conspiracy was formed.

Prior to December 8, 1928, the alleged date of the offense, the two defendants had been living together as man and wife. On the evening of that day and prior to the appearance of the complaining witnesses the two defendants had been together for several hours. On that same evening the complaining witnesses, Peter Olson and Olaf Jurgensen, two brothers, registered at the San Pablo Hotel, in Oakland. A few minutes later they went out on the street to find an eating place. On approaching a restaurant they found it was locked, and, as they were about to turn away, Bertha Brown turned to them and asked, "What do you want?" At the time that she spoke to them she stood by the side of an automobile that was parked near the sidewalk, and was talking to a man who was seated in the automobile. The complaining witnesses answered Bertha by saying they wanted something to eat. Thereupon she remarked that she would assist them. They followed her to a restaurant, but it was closed. She then proposed that they get a drink. She asked them their names, and, on being told, she took them to a bootlegger's, introduced them, and they had some drinks. Olson took one drink, but Jurgensen and Bertha took several. Bertha asked the complaining witnesses to go with her to a private place, which she said she could get into; however, it was finally agreed that they would all return to room 514 of the San Pablo Hotel. The two complaining witnesses were taken up to the room by the night clerk, who operated the elevator. Bertha remained outside for the time being and later went up the stairs and entered room 514.

While the night clerk was taking the complaining witnesses up in the elevator the defendant Hoffer entered the house. He looked at the register and then went up the stairway. When the clerk heard that Hoffer had entered he went upstairs and found Hoffer standing alone outside of room 514. At that time no one else was present in the hallway. On being asked what he was doing there, Hoffer

ran. Later he was found on the third floor in one of the stalls with the door closed. On being found he came out, went downstairs, registered under the name of "Williams," was assigned to room 428, went to his room, left his hat there, and then walked up the stairs and met Olson in the hall. As stated, there is hearsay evidence in the record that two taxi drivers saw Hoffer enter, and that they told the clerk. Whether they saw the defendant Brown enter, whether both defendants entered together or separately, and, if separately, which entered first, there is no evidence.

After Bertha entered room 514 Olson stepped out, leaving Jurgensen and Bertha alone. While the two were in the room Bertha proposed a drink and produced a flask and two glasses. She gave Jurgensen a good-sized drink, and from that time, as Jurgensen testified, everything seemed to go black, hazy. When he took the drink the witness had in his trousers pockets between sixty-five and seventy dollars. When he came to, his pockets were turned inside out and he had no money.

When Olson left the room he went into the hallway and soon afterward he left the hall for a short period of time and then returned and took a seat near the stairway. After he had been seated there a while the defendant Hoffer came up the stairs and asked him if there was a woman in room 514. Olson said there was. Hoffer asked him if he would tell her when she came out to come to his room, 428. In a few minutes Olson knocked on the door. Bertha called, "Come in." He opened the door wide and Bertha was standing in the middle of the floor, looking toward the door. As Olson entered the room Bertha pointed toward the door and said, "What do you mean by talking to my husband?" Hoffer was then standing in the doorway. Taking Bertha by the arm Olson said, "If that is your husband, you had better go." At about that time Hoffer struck Jurgensen squarely in the face and knocked him down and out. He then commenced striking Olson. While the two men were fighting Bertha picked up the crockery cuspidor and, from behind, hit Olson two severe blows on the head. Realizing that he was in a losing fight, Olson dropped to the floor, with his head under the bed, and pretended to be unconscious. Almost immediately he felt a hand pulling his purse from his hip pocket. The purse contained about forty-five dollars. Bertha then said, "Let's get out of here before the

police come.'' Together the two defendants left the hallway. They walked to the lower floor together, Hoffer carrying Bertha's coat on his arm and having no hat on his head. At once they attempted to leave the house. When they got outside they attempted to flee, but both were stopped and arrested by the police. Two days later Hoffer appeared at the hotel and inquired for his hat. The clerk produced the hat, and then followed a conversation in which Hoffer stated to the clerk that he would pay seventy-five dollars if the clerk would take forty dollars to the police and tell them it was found in the room when the room was being cleaned up.

A criminal conspiracy is a criminal agreement. (*People* v. *Flanagan*, 65 Cal. App. 268, 275 [223 Pac. 1014].) The code fixes no time at which the conspiracy must be entered into. (*People* v. *Holmes*, 118 Cal. 444, 460 [50 Pac. 675].) Notwithstanding the verdict of the jury the facts are not debatable that the defendants actually robbed Olson and Jurgensen. The facts delineated were sufficient on which the jury might, and doubtlessly did, base the inference that after Olson and Jurgensen left the defendant Brown and went up in the elevator the defendant Brown communicated with Hoffer and either advised him of the names of their victims or the number of the room and that she was going to their room, and that they then agreed to do what they later did do.

The judgment and order appealed from are affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1929.

All the Justices concurred.