[Crim. No. 3020.   Second Appellate District, Division Two.—October 15, 1937.]

THE PEOPLE, Respondent, v. JASON LEE, Appellant.

George H. Shreve for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendant Jason Lee was charged jointly with Frank Burke upon an information with the crime of assault with a deadly weapon upon the person of one Thomas B. Washburn. The defendants were found guilty and convicted of the crime of simple assault. This appeal is taken by the defendant Jason Lee from the judgment and from the order of the court denying defendant's motion for a new trial.

The defendant's first contention is that the evidence is insufficient to support a verdict of simple assault in that the only evidence of assault was evidence of the use of a club or possibly a short length of gas pipe, and that therefore the defendant was guilty of assault with a deadly weapon or no crime at all. According to the testimony, officers Washburn and Beach entered a cafe, owned and operated by the defendant Lee and managed by defendant Burke, made a purchase of whiskey and then attempted to place the defendants under arrest for selling liquor between the hours of two and six A. M. A fight ensued wherein both police officers were badly beaten. Officer Washburn was forced down on the floor. Defendant Burke sat on him and held his hands. Defendant Lee hit him several times over the head with the club or gas pipe. Officer Washburn was otherwise kicked and beaten about the body.

■ While it is true that an iron bar may be a deadly weapon (*People* v. *Carr*, 131 Cal. App. 644 [21 Pac. (2d) 967]), it is not a deadly weapon as a matter of law. Whether it is or is not a deadly weapon is a mixed question of law and fact. (*People* v. *Simpson*, 134 Cal. App. 646, 651 [25 Pac. (2d) 1008]; *People* v. *Valliere*, 123 Cal. 576 [56 Pac. 433].) The trial court properly instructed the jury defining a deadly weapon. It also instructed the jury as follows: "You are instructed that the offense known as simple assault is one necessarily included in the offense known as assault with a deadly weapon, and if you have a reasonable doubt that the defendants or any of them used a deadly weapon in the perpetration of an assault, you may nevertheless find them guilty of simple assault if such simple assault has been conclusively proven to you beyond a reasonable doubt." This court on appeal would not be justified in setting aside the finding of the jury that the gas pipe was not a deadly weapon.

■ Furthermore, there is substantial evidence to support a finding of the jury of simple assault, even though the jury rejected all of the testimony relating to the gas pipe.

■ It is the final contention of the defendant that the court erred in instructing the jury on the question of conspiracy, on the ground that there was nothing in the facts of the case to justify such instructions. In order to constitute conspiracy it was not necessary that the defendants enter into an elaborate and detailed agreement prior to the commission of any overt act. It is only necessary that each has adopted a common design with the knowledge and consent of the other to constitute them conspirators. That this was the case in the present instance is supported by substantial evidence. Among other things, there is testimony that Burke sat on Washburn's stomach to hold him down while Lee pommeled him. (*People* v. *Yeager*, 194 Cal. 452 [229 Pac. 40]; *People* v. *Holmes*, 118 Cal. 444 [50 Pac. 675]; *People* v. *Brown*, 99 Cal. App. 117 [277 Pac. 908].)

Judgment and order are affirmed.

Wood, J., and McComb, J., concurred.