[Crim. No. 5671.   Second Dist., Div. Two.   Feb. 4, 1957.]

THE PEOPLE, Respondent, v. JOHN HENRY CLIFTON, Appellant.

John Henry Clifton, in pro. per., and Fred H. Almy for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—Convicted by the court without a jury of burglary in the first degree and sent to prison, appellant demands a reversal of the judgment on the ground that the evidence was insufficient to support a finding that he had committed a felonious battery upon the prosecutrix or had "the specific intent necessary to a burglary."

Appellant had been the husband of Opal Saunders for more than seven years prior to their divorce in 1952. On January 17, 1956, at 10 p. m. he called at Opal's apartment on Harcourt Street where she lived with her son, 10 years of age. When she answered the doorbell and asked him what he wished, he demanded that she open the door and said he desired to talk about "me and you." She replied that the son had gone to sleep and that he and she had nothing to talk about and that she would not open the door. He retorted: "Are you going to open the door or do you want me to knock it down and come in and get you?" On her refusal, he began to knock down the door. Opal ran to her child, took him out through another door and visited her neighbors, the Townsends. She heard the "crack of glass and the sounds of his breaking of everything" in her apartment. He broke the mirrors, dishes, china closet, buffet and furnishings of the

living room and dining room. The police came in response to the call of the Townsends. She then returned home to find it "all torn up"; the front door was torn off, had to be replaced; the carpeting was bloody; the dishes, all the glass in the china closet and the mirrors were broken; glass was strewn all over the floor, food was over the curtains and the drain board was on the floor. The total damage exceeded $1,000.

Witness John C. Long was aroused by the sounds of destruction. Investigating, he saw appellant emerge from Opal's apartment with a tire iron in his hand. He followed the staggering miscreant down the street about two blocks and witnessed his arrest. Officer Sentam who apprehended the marauder found him with a tire iron in his rear pants' pocket, bleeding from cuts on his hand and face; not drunk, but his breath betrayed his consumption of alcohol. He told the officer that he had already been to the location on Harcourt; that he had broken into the house and smashed up the interior; that his former wife lived there; that she belonged to him and he had been having trouble with her; that he knew his acts violated the law; that they might take him to jail but as soon as he got out he would do the same thing over again. "I'll bust her up the same as I did the house." As he stood on the Harcourt lawn he addressed Opal as follows: "I'll kill you." He told the police that he would not hurt "that boy" but he "would sure fix her up good; I would bust her up."

Appellant contends that he had no intention of striking his wife when he entered her apartment; that he cannot recall having the tire iron then or whether he got it in Opal's apartment; that he did not remember telling her that he would kill her; that he had been drinking heavily; had drunk his share of a quart of whiskey after 5 p. m. and some beer besides. He denied the testimony of the officers or did not recall it. It was the testimony of Miss Hickman that when she drank a can of beer with him at 5 o'clock, he was drunk.

Appellant's contention that he did not assault with a deadly weapon or an assault with means likely to do great bodily harm (Pen. Code, § 245) in Mrs. Saunders' apartment is utterly gratuitous. He was not even accused of having assaulted anyone. He was charged with burglary as defined by the Penal Code, section 459. That section provides that every person who enters a house with intent to commit a felony is guilty of burglary. The information alleges that he entered the house occupied by Opal Saunders *with intent*

then and there "feloniously to commit assault by means of force likely to produce great bodily injury . . . a felony."

A finding of his guilt is determined not only by his crime within the apartment but also by his conduct before his entrance and after his exit. He threatened to go in and get her against her will. His subsequent acts indicate that he meant to do no less. On leaving the wrecked apartment he had a tire iron in his hand and retained it until his arrest. It is an easy inference that he took that instrument into the apartment and that he intended to inflict harm upon Opal Saunders. Such inference is supported by his subsequent declarations that (1) he will "bust her up the same as I did the house"; (2) "I'll kill you"; (3) "would sure fix her up." From such declarations the court might justifiably have found that on entering her apartment he intended to do violence to the body of Opal Saunders. In determining whether the evidence is legally sufficient to support the judgment, we must assume the truth of all facts found and all inferences reasonably deducible therefrom. (*People* v. *Franklin*, 106 Cal.App.2d 528, 530 [235 P.2d 402].) Appellant's intent may therefore be inferred from the established facts. (*Ibid.*) Likewise, the court acted within its province in inferring that the tire iron was a deadly instrument and was a means that could if applied produce great bodily harm. (See *People* v. *Kinman*, 134 Cal.App.2d 419, 422 [286 P.2d 28]; *People* v. *Lee*, 23 Cal.App.2d 168, 170 [72 P.2d 572].) In view of the violent temper of appellant as demonstrated by him on the occasion in question, of his threats then to "come in and get" Mrs. Saunders, and of his threats made to her and to the officers, it was a reasonable inference that appellant entered her apartment with the intent to assault the lady with force likely to produce great bodily injury. By reason of the latter fact as well as the fact that he entered an inhabited dwelling house at night, his burglary was of the first degree. (Pen. Code, § 460.) The fact that he did not assault her is immaterial. His crime was complete the moment he entered her home with intent either to steal her possessions or to do her bodily harm. (*People* v. *Shaffer*, 81 Cal.App. 752, 754 [254 P. 666]; *People* v. *Rhodes*, 137 Cal.App. 385 [30 P.2d 1026].) The contention that appellant's drunkenness prevented his having a specific intent to commit a burglary misses the mark. The evidence on his state of inebriation was conflicting. The court adopted the proof that he was not. Therefore, the implied finding that he

was able to conceive a specific intent is supported. ■ The reviewing court is powerless to reweigh the evidence. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) Appellant's contention that the instrument carried into Mrs. Saunders' home was not a deadly weapon would have been pertinent had it been presented to the court. But it has no virtue to a reviewing court. Whether it was deadly was disposed of by the court's implied finding. (*People* v. *Newland, supra*.)

Affirmed.

Fox, J., and Ashburn, J., concurred.